UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**KELLY RENEE BIGLEY,**

    **Plaintiff,**

**v.**                                   **Civil Action No. 2:20-cv-00510**

**DR. JANET JENKINS,**

    **Defendant.**

### MEMORANDUM OPINION & ORDER

**Pending is a motion to dismiss, filed by defendant Dr. Janet Jenkins on July 29, 2020. ECF No. 3. This action was previously referred to United States Magistrate Judge Dwane L. Tinsley for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On October 30, 2020, the magistrate judge entered his PF&R recommending that the court grant the defendant's motion to dismiss as to plaintiff's negligence claim that is deemed preempted by ERISA and that plaintiff's claim for workers' compensation be severed and remanded to the Circuit Court of Kanawha County. ECF No. 8. Plaintiff filed objections on November 17, 2020, to which defendant responded on November 23, 2020. ECF Nos. 9, 11.**

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The magistrate judge found that the state-law negligence claim was completely preempted by ERISA and that the claim should be dismissed inasmuch as defendant is not a proper defendant under ERISA.

The magistrate judge also found that the workers' compensation benefits claim plaintiff may have alleged was not removable and should be severed and remanded. <u>See</u> 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). While it appears that the defendant, Dr. Jenkins, is protected by the immunity conferred by W.Va. Code § 23-2-6, this court is without jurisdiction to adjudicate the issue by virtue of 28 U.S.C. § 1445(c).

Plaintiff objects to the magistrate judge's findings in a generalized fashion, arguing that defendant is "solely

2

responsible for the denials" of her insurance and workers' compensation claims. Pl.'s Objections, ECF No. 9 at 1. The plaintiff reiterates her claim that defendant is liable for negligence because the records defendant submitted in relation to plaintiff's workers' compensation and disability policy were "falsified and inaccurate" and led to her denial of benefits. Id. She presents no argument as to why her negligence claim is not completely preempted or why her workers' compensation claim should not be remanded.

Plaintiff's objections are non-responsive to the magistrate judge's conclusions and are without merit. Accordingly, it is ORDERED that the findings and recommendation made in the PF&R of the magistrate judge be, and they hereby are, adopted by the court and incorporated herein.

Accordingly, it is ORDERED that:

1. The magistrate judge's PF&R entered October 30, 2020 be, and it hereby is, adopted and incorporated in full;

2. The defendant's motion to dismiss as to plaintiff's negligence claim be, and it hereby is, granted, and that claim is severed from this action;

3. The defendant's motion to dismiss as to plaintiff's workers' compensation claim be, and it hereby is, denied without prejudice;

4. This case be, and it hereby is, remanded as to the workers' compensation claim for all further proceedings to the Circuit Court of Kanawha County.

The Clerk is directed to transmit copies of this order to all counsel of record, to any unrepresented parties, and to the United States Magistrate Judge, and is further directed to forward a certified copy of this order to the clerk of court for the Circuit Court of Kanawha County.

ENTER: February 22, 2021

John T. Copenhaver, Jr.
Senior United States District Judge